IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DMP LIMITED PARTNERSHIP, a Pennsylvania limited partnership, | CIVIL DIVISION |
| Plaintiff, | CA 08-_____ |
| v. | |
| CARIBOU COFFEE COMPANY, INC., a Minnesota corporation, | JURY TRIAL DEMANDED |
| Defendant. | |

COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, DMP Limited Partnership, a Pennsylvania limited partnership, and makes the following Complaint, and in support thereof, avers as follows:

PARTIES

1. Plaintiff, DMP, Limited Partnership, ("DMP") is a Pennsylvania Limited partnership with its principal place of business at 2517 Heartwood Drive, Pittsburgh, PA 15241.

2. Defendant, Caribou Coffee Company, Inc., ("Caribou") is a Minnesota corporation with its principal place of business at 3900 Lakebreeze Avenue North, Brooklyn Center, MN 55429 and which operates coffee shops throughout Pennsylvania and within this district.

JURISDICTION AND VENUE

3. This Court has jurisdiction over this action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00 pursuant to 28 U.S.C. § 1332(a)(1).

4.      Venue lies in this district in which a substantial part of the events or omissions giving rise to the claim occurred pursuant to 28 USC § 1391(a)(2)

CLAIMS

5.      DMP owns land and a building ("Building") known as 5424 Walnut Street, Pittsburgh, PA 15232.

6.      Caribou is in the business of retail sale of coffee, tea, other beverages, baked goods, sandwiches, salads, T-shirts, hats, mugs and other branded accessories.

7.      On or about February 10, 2005 DMP, as landlord, and Caribou, as tenant, entered into a lease pursuant to which Caribou rented from DMP certain space within the Building ("Premises") in order to operate its business as a Caribou Coffee Shop.  A true and correct copy of the Lease is attached hereto as Exhibit 1.

8.      On or about February 10, 2005, Caribou took possession of the Premises and performed demolition of the Premises in order to prepare the Premises for remodeling into a Caribou Coffee Shop.  Such demolition consisted of, among other things, removing walls, ceilings, floors, doors, doorways, steps, wiring and plumbing in the basement and first floor of the Premises.

9.      All conditions precedent to Caribou's obligation under the Lease to occupy the Premises and operate a Caribou Coffee Shop therein had occurred by August 10, 2005.

10.     All conditions precedent to Caribou's obligation under the Lease to pay Minimum Monthly Rent and Additional Rent had occurred by June 1, 2005.

11.     On or about June 29, 2005, Caribou began to pay Minimum Monthly Rent and Additional Rent in accordance with the Lease.

Case 2:08-cv-00429-DSC Document 1 Filed 03/31/2008 Page 2 of 5

12. On or about the following dates and in the following ways Caribou notified DMP that Caribou intended to terminate the Lease and not to operate a Caribou Coffee shop on the Premises:

    (a) August 23, 2006, orally and by e-mail;

    (b) October 9, 2006, by letter;

    (c) June 20, 2007, orally;

    (d) October 11, 2007, by letter.

13. Caribou's notices set forth in Paragraph 10, above, are anticipatory breaches of and defaults under the Lease that do not require any notice or opportunity to cure under the lease.

14. Caribou has failed and refused to fulfill its obligation under the Lease to make improvements to the Premises necessary to operate a Caribou Coffee Shop.

15. Caribou has not occupied the Premise or operated a Caribou Coffee Shop.

16. Caribou has failed and refused to pay Minimum Monthly Rent for the months of January 2008 through March 2008.

17. On or about February 7, 2008 DMP notified Caribou of its defaults set forth in paragraph 16 and demanded that Caribou cure the defaults. A true and correct copy of the notice is attached hereto as Exhibit 2.

18. Caribou has failed and refused to pay Additional Monthly Rent since September 2007.

19. On or about February 7, 2008 DMP notified Caribou of its defaults set forth in paragraph 18 and demanded that Caribou cure the defaults. A true and correct copy of the notice is attached hereto as Exhibit 3.

20. Caribou has failed and refused to cure the defaults.

21. Pursuant to paragraph 6 of the Lease, DMP is entitled to 5% penalty for late payment of Minimum Monthly Rent and Additional Rent.

22. Caribou has failed and refused to pay the penalty for January, February and March 2008.

23. Caribou's failure to pay Minimum Monthly Rent and Additional Rent since January 2008 is the direct, proximate and legal cause of damages to DMP in the amount of $24,996.63

24. Pursuant to clause 22B(iv) of the Lease DMP is entitled to accelerate the Minimum Monthly Rent and Additional Rent for the remainder of the term of the Lease, less reasonable rental value, discounted to present value.

25. It appears that the Premises has no reasonable rental value as demolished in that Caribou has attempted to sublease the Premises but has been unable to do so.

26. Caribou's failure to pay accelerated Minimum Monthly Rent, Additional Rent and penalty is the direct, proximate and legal cause of additional damages to DMP in the amount of $526,382.78.

27. Caribou's demolition of the basement and first floor of the Premises and its failure to fulfill its obligation under the Lease to make improvements to the Premises necessary to operate a Caribou Coffee Shop are the direct, proximate and legal cause of additional damages to DMP in the amount of $268,900.00 that DMP will be required to expend in order to repair the Building.

28. Caribou's demolition of the basement and first floor of the Premises and its failure to fulfill its obligation under the Lease to make improvements to the Premises

necessary to operate a Caribou Coffee Shop are the direct, proximate and legal cause of additional damages to DMP in the amount of $64,350.00 in lost rent from other portions of the Building to date, which damages will continue to accrue at the rate of $1,950.00 per month.

29. Caribou's anticipatory breaches, breaches and defaults described above are the direct, proximate and legal cause of additional damages to DMP in the amount of $60,000.00 in real estate broker's fees that DMP expended in reliance on the Lease.

30. Caribou's anticipatory breaches, breaches and defaults described above are the direct, proximate and legal cause of additional damages to DMP in the amount of $6,600.00 in attorney's fees that DMP expended in reliance on the Lease.

31. Pursuant to paragraph 29 of the Lease, DMP is entitled to its reasonable attorney's fees for this proceeding

WHEREFORE, Plaintiff, DMP Limited Partnership respectfully requests this Honorable Court to enter judgment in its favor and against Caribou Coffee Company, Inc. in an amount greater than $75,000.00, plus costs, interest and attorneys' fees.

Respectfully submitted,

/s/ Bernard M. Schneider
Bernard M. Schneider
Counsel for Plaintiff
PA ID #32245
BRUCKER SCHNEIDER & PORTER
FIRM ID # 789
300 Weyman Road
Suite 320
Pittsburgh, PA 15236
(412) 881-6620 (telephone)

JURY TRIAL DEMANDED